## The People of the State of Illinois, Defendant in Error, v. Mike Crilly, Plaintiff in Error.

### Gen. No. 19,254.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 4, 1914.

### Statement of the Case.

Information filed in the Municipal Court by the People of the State of Illinois against Mike Crilly seeking to charge defendant with the statutory offense of riot under section 249 of the Criminal Code, J. & A. ¶ 3927. Upon a trial by a jury defendant was found guilty, and after motions for a new trial and in arrest of judgment were overruled he was sentenced to pay a fine of fifty dollars and to stand committed, etc. To reverse the judgment, defendant brings error.

JOHN D. FARRELL, for plaintiff in error; H. A. WELD, of counsel.

MACLAY HOYNE, for defendant in error; FRANCIS E. HINCKLEY and EDWARD E. WILSON, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. CRIMINAL LAW, § 366*—*when rule as to motion in arrest of judgment not operative.* The rule that a motion in arrest of judgment cannot be sustained for any matter not affecting the real merits of the offense charged in the indictment or information does not become operative in the absence of an indictment or information sufficiently charging the offense.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. RIOT, § 3*—*when information insufficiently charges offense.* An information charging that the defendant "did then and there with other persons, actually do an unlawful act with force and violence against the person of Charles Roller," contrary, etc., *held* insufficient to charge the statutory offense of riot under section 249 of the Criminal Code, J. & A. ¶ 3927, since the language of the information neither describes the act which constitutes the offense nor designates the act by any term or form of expression whereby the nature or character of the act may be understood with reasonable certainty.

3. INDICTMENT AND INFORMATION, § 41*—*when charging offense in language of statute insufficient.* The rule that it is generally sufficient to state a statutory offense in the terms and language of the statute is subject to well recognized exceptions, one of which is where the statute does not sufficiently describe the act constituting the offense.